IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, D.C.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:22-CR-00197-DLF |
| | ) | |
| GEOFFREY SAMUEL SHOUGH | ) | |

**SENTENCING MEMORANDUM**

Mr. GEOFFREY SAMUEL SHOUGH, pursuant to Fed. R. Crim P. 32, submits the following position regarding the sentencing of Mr. Shough. Mr. Shough respectfully submits that the following factors are relevant, but none of which are taken into account within the calculation of the guidelines. Mr. Shough respectfully reserves the remainder of her argument for the forthcoming Sentencing Hearing.

**I. The Presentence Report Incorrectly Calculated the Applicable Guidelines Range and Probation's Recommendation**

Ms. Shough does not have any outstanding formal objections to the Presentence Investigation Report (PSR) and believes that the probation officer correctly calculated the total offense level of 11 including the following breakdown:

Base Offense Level: 10 (U.S.S.G. § 2A2.4(a))
Specific Offense Characteristics: +3 for physical violence, as stipulated in
  the plea agreement (U.S.S.G. §2A2.4(b)(1)(A))

1

Adjusted Offense Level (subtotal): 13
Acceptance of Responsibility: -2 (U.S.S.G. § 3E1.1(a))
Total Offense Level: 11.
(PSR ¶¶ 35-43.)

Criminal History Category: I — zero criminal history points.
(PSR ¶ 44-46)

Guideline Range: 8-14 months; Statutory Maximum 60 months
(PSR ¶ 85-86)

This guideline range places Mr. Shough in Zone B of the sentencing table, term may be satisfied by:

>  (1) a sentence of imprisonment;
>  (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in USSG § 5C1.1(e), provided that at least one month is satisfied by imprisonment; or
>  (3) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement or home detention for imprisonment according to the schedule in USSC § 5C1.1(e).

USSG § 3C1.1(c). Therefore, it would be completely acceptable to sentence Mr. Shough to a term of home detention, a probated sentence, or one month of imprisonment followed by probation.

*The Government's Request*

The Government requests an 11-month sentence which is a middle-of-the-guidelines request. (Gov't's Sent. Memo., ECF No. 33.) To come to this number, the Government heavily relies on the nature and circumstances of the crimes committed (*Id.* at 15) — circumstances wherein the Government

2

fails to mention that Mr. Shough was not a planner, merely a minor participant who stumbled into the building. The Government also repeatedly calls Mr. Shough a Department of Defense contractor which is patently false; he was, at most, a sub-contractor through another company, he was never employed by or contracted with the Department of Defense, furthermore, this tangential association has no bearing on his involvement with the offense at bar.

*Probation's Recommendation*

Probation recommends a sentence of 8 months imprisonment, 36 months supervised release, a $1,000 fine, restitution of $2,000, and a $100 special assessment. (ECF No. 35) Probation references Mr. Shough's lack of criminal history as a substantial reason for its recommendation of a low-end guideline sentence. (*Id*. at 1.)

Probation asserts that Mr. Shough was "among the first few individuals to breach a line of uniformed Capitol Police Officers who were attempting to prevent the rioters from entering;" Mr. Shough respectfully clarifies that while he was purposefully at the capitol building and intended to enter, his position near the front and entering at that time was primarily due to being shuffled and shoved to the front and through the door by fellow attendees. *Id*. at 2.)

Probation further asserts that an 8 month sentence will "provide[] a level of protection for the community from the defendant's future crimes." (*Id.*) With all due respect, Mr. Shough has shown complete compliance while on pretrial release and the public has been sufficiently protected from any potential future crimes while on pretrial release. Mr. Shough has shown that probation is a sufficient incapacitation and deterrent for him. This is further evidenced by Probation's statement that Mr. Shough "is a good candidate for voluntary surrender as he is compliant with the conditions of his release, has appeared for all scheduled Court appearances, **and is not an apparent** flight risk **or danger to the community**." (*Id.* at 3 (emphasis added).)

Probation itself acknowledges that Mr. Shough is not a danger to the community and that he has been successful on pretrial release, therefore, it is clear that he would perform well on home detention in lieu of imprisonment.

**II. Statutory Sentence**

Mr. Shough plead guilty to committing Civil Disorder, in violation of 18 U.S.C. § 231(a)(3), which is a Class D felony and carries with it a penalty of <u>no mandatory minimum</u>, a maximum of 5 years imprisonment, a fine of $250,000, not more than 3 years supervised release, and a special assessment fee of $100.

**III. The Sentencing Factors Under 18 U.S.C. § 3553**

The Court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)," which are "the need for the sentence imposed—

    A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    B. to afford adequate deterrence to criminal conduct;
    C. to protect the public from further crimes of the defendant; and
    D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

18 U.S.C. § 3553(a)(2). In "determining the particular sentenced to be imposed," the Court must consider these purposes, the nature and circumstances of the offense and the history and characteristics of the defendant, the need to avoid unwarranted disparities, and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1)-(7).

Here, Mr. Shough submits that the following factors are relevant to the purpose of sentencing.

    **A. Nature and Circumstances of the Offense.**

Mr. Shough, though amended the capitol for the eventual commission of the offense, was not the instigator, organizer, planner, or manager, he was merely a minor participant in the rally.

    **B. History and Characteristics of the Defendant**

Mr. Shough has no criminal history and has lead a law-abiding life with this one incident marring an otherwise flawless record.

### C. Seriousness of the Offense

While the events surrounding and occurring on January 6 are serious, Mr. Shough's involvement was not.

### D. Need to Deter Future Criminal Conduct and Promote Respect for the Law

Mr. Shough has proven himself to be a law-abiding individual who has already been deterred from any potential other criminal behavior, therefore, there is no need to impose a sentence which would deter him. Here, the concern would seemingly be to deter others; however, this can be achieved without imprisonment. Mr. Shough has been on terms of pretrial and presentence release for roughly a year — reporting regularly to a probation officer. He has had to retain attorneys and incur the expense associated with defending himself. With the addition of home detention, a fine, or supervised release, these punishments would certainly deter your similarly situated individual from committing the same or similar offense.

### E. Need to Protect the Public from the Defendant's Future Criminal Conduct

Any sentence imposed will protect the public from Mr. Shough's future criminal conduct because he will not be engaging in any future criminal conduct, furthermore a term of supervised release will ensure the

maximum rehabilitation and encourage Mr. Shough to continue to abide by the terms of his release.

### F. Substance Abuse and Mental Health Treatment or Vocational Training

Mr. Shough does not feel there is need for any treatment while incarcerated.

### G. Need to Avoid Unwarranted Sentencing Disparities

*Internal Disparities*

Internal disparities are incredibly easy to analyze in this case as there have been dozens before it. According Government's recent sentencing table the Court so far has sentenced roughly 364 cases related to January 6, 2021. (Case No. 1:21-CR-725-RDM, ECF No. 77-1, filed January 9, 2023.) Of these 364 cases, *only* **13** were sentenced to *just* 18 U.S.C. § 231(a)(3) and not any other offense — just like Mr. Shough. The relevant portions of the table are recreated on the following page.

The Court should note that of these 13 cases, the Court only twice sentenced the defendant to the sentence recommended by the Government, and only twice went above the recommendation of the Government. Eight of the 13 times, the Court issued a below-recommended sentence; therefore, to issue a sentence lower than the Government's requested 11 months would not cause disparities. The Court, on average, issued a sentence below

7

| Case No. | Charge | Gov't Rec. | Sentence | % Difference |
|---|---|---|---|---|
| 1:21-cr-407 | 18 U.S.C. § 231(a)(3) | 6 | 4 | -33% |
| 1:21-cr-407 | 18 U.S.C. § 231(a)(3) | 3 | 1 | -67% |
| 1:22-cr-52 | 18 U.S.C. § 231(a)(3) | 11 | 12 | 9% |
| 1:21-cr-337 | 18 U.S.C. § 231(a)(3) | 3 | 3 | 0% |
| 1:21-cr-186 | 18 U.S.C. § 231(a)(3) | 8 | 5 | -38% |
| 1:21-cr-459 | 18 U.S.C. § 231(a)(3) | 5 | 3.5 | -30% |
| 1:21-cr-677 | 18 U.S.C. § 231(a)(3) | 11 | 12 | 9% |
| 1:21-cr-317 | 18 U.S.C. § 231(a)(3) | 4 | 4 | 0% |
| 1:21-cr-244 | 18 U.S.C. § 231(a)(3) | 6 | 9 | 50% |
| 1:21-cr-551 | 18 U.S.C. § 231(a)(3) | 11 | 6 | -45% |
| 1:21-cr-257 | 18 U.S.C. § 231(a)(3) | 16 | 12 | -25% |
| 1:22-cr-107 | 18 U.S.C. § 231(a)(3) | 31 | 18 | -42% |
| 1:21-cr-224 | 18 U.S.C. § 231(a)(3) | 3 | 2 | -33% |
| | AVERAGE | 9 | 7 | -19% |

the Government's recommendation — here that would be an 8.9 month sentence. Additionally, there is one recommended sentence which is substantially higher than the rest, which causes data analysis issues. To remove the data point caused by 1:22-cr-107 would result in an average recommended sentence of 7 months and an average sentence imposed of 6 months. Therefore, to issue a below-guideline sentence to Mr. Shough would not be disparate.

*National Disparities*

National disparities need not be considered here as all sentences related to January 6, 2021 have resolved in the District Courts for the District of Washington D.C.

8

This Court is not bound to issue a guideline-sentence, that is merely *one* of the factors that this Court must take into account when considering the sentence; for the reasons stated above, Mr. Shough submits that the 3553(a) factors warrant not only a below-recommended, but a a below-guideline sentence.

**IV. Letters in Support**

Mr. Shough respectfully submits the attached six(6) letters in support of leniency at sentencing. Within those letters, the Court will see that criminal conduct is completely and totally out of character for him.

**V. Request for Location**

Should this Court issue a term of imprisonment, though she acknowledges that the final say is within the hands of the Bureau of Prisons, Mr. Shough will respectfully request a location at the hearing.

**VI. Conclusion**

Mr. Shough, based on the foregoing assertions and argument, prays that this Court consider issuing a probated sentence.

Date:        March 20, 2023

Respectfully submitted,

***s/ Katryna Lyn Spearman, Esq.***
Katryna Lyn Spearman, Esq.
Ga. Bar #616038
kspearman@lowtherwalker.com

Lowther | Walker LLC
101 Marietta St. NW, Ste. 3325
Atlanta, GA 30303
T 404.496.4052 | F 866.380.1782
http://www.lowtherwalker.com

Attorney for Defendant
    Geoffrey Samuel Shough

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, D.C.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:22-CR-00197-DLF |
| | ) | |
| GEOFFREY SAMUEL SHOUGH | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2023 I electronically filed the foregoing SENTENCING MEMORANDUM with the Clerk of the United States District Court for the District of Washington D.C. by way of the CM/ECF system, which automatically will serve this document on the attorneys of record for the parties in this case by electronic mail.

Date:	March 20, 2023

*s/ Katryna Lyn Spearman, Esq.*
Katryna Lyn Spearman, Esq.
Ga. Bar #616038
kspearman@lowtherwalker.com

Lowther | Walker LLC
101 Marietta St. NW, Ste. 3325
Atlanta, GA 30303
T 404.496.4052 | F 866.380.1782
http://www.lowtherwalker.com

Attorney for Defendant
    Geoffrey Samuel Shough

11